**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

CAROLYN WARREN                                                                                         PLAINTIFF

V.                                                                                    NO. 4:19-CV-94-DMB-JMV

L & S SALES, INC. and
MARTIN NANNEY                                                                                      DEFENDANTS

**ORDER**

Before the Court is Mississippi State Agencies W.C. Trust's motion to intervene. Doc. #31.

**I
Relevant Procedural History**

On May 23, 2019, Carolyn Warren filed a complaint in the Circuit Court of Washington County, Mississippi, against L & S Sales, Inc., and Martin Nanney. Doc. #2. Warren alleges that on or about September 20, 2018, she was injured when the vehicle she was driving was struck by a vehicle owned or leased by L & S Sales and operated by Nanney, while Nanney "was acting in the furtherance of the business of L & S Sales and within the scope of his employment or agency [with L & S Sales]." *Id.* at 2–3. The defendants, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on June 19, 2019. Doc. #1.

On February 5, 2020, Mississippi State Agencies W.C. Trust ("Trust") moved for leave to intervene as a plaintiff in this case.[1] Doc. #31. In the motion, the Trust asserts that Warren was an employee of the Mississippi Department of Human Services ("MDHS"); that her "injuries arose

---

[1] In violation of the Court's local rules, the Trust failed to file an accompanying memorandum, and its motion contains legal argument and citation. *See* L.U. Civ. R. 7(b)(4), (2)(B). These failures are excused in this instance; however, the Trust is cautioned that such may not be the case with any noncompliant future filings.

out of and in the course of her employment;" that MDHS "secured workers' compensation insurance coverage under a policy of insurance written by [the Trust];" that as of February 4, 2020, the Trust has paid both compensation and medical benefits to Warren, pursuant to the Mississippi Workers' Compensation Act; and that the Trust will continue to pay those benefits. *Id.* at 1. The Trust seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(a) on the ground that it "is entitled to reimbursement and exoneration from the proceeds of any recovery herein from the defendants … pursuant to … Miss. Code Ann. § 71-3-71." *Id.* at 1–2. No response to the motion to intervene was filed.

## II
## Rule 24(a)

Federal Rule of Civil Procedure 24(a) provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who:"

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To be entitled to intervention as of right under Rule 24(a):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016). The Fifth Circuit has identified four factors to evaluate in determining timeliness:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if

2

      intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* at 512–13.

## III
## Analysis

In considering whether the Trust's motion is timely, the Court examines the four factors identified by the Fifth Circuit. While the Trust does not represent when it actually knew of its interest in the case, it is reasonable to presume the Trust should have known of its interest well before the date it moved to intervene, as the injuries alleged were sustained in September 2018. However, it does not appear that the existing parties to the case would suffer prejudice from the Trust's intervention at this time since no party has opposed intervention. Further, the Trust would suffer prejudice if intervention is denied because its right to recover the benefits it has already paid, and continues to pay, will be impeded. *See Liberty Mut. Ins. Co. v. Shoemake*, 111 So. 3d 1207, 1214 (Miss. 2013) ("[A]n … insurer who is denied intervention will be unable to enforce its statutory right of subrogation."). Moreover, there are no unusual circumstances weighing against considering the application timely. All considered, the Court finds the motion to intervene timely.

The Court finds the remaining requirements for intervention as of right to also be satisfied. The Trust has an interest in this action because it would be "entitled to repayment of the amount paid by [it] as compensation and medical expenses from the net proceeds of [this] action." *See* Miss. Code Ann. § 71-3-71. Also, as discussed above, "if an employer or insurer does not join or intervene in an employee's third-party action, its subrogation claim is waived." *Shoemake*, 111 So. 3d at 1215. Finally, the Trust's interests are not adequately represented by the existing parties. Having concluded that all requirements for the Trust's intervention under Rule 24(a)(2) have been met, intervention will be permitted. "Federal courts should allow intervention where no one would

be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

### IV
### Conclusion

The Trust's motion to intervene [31] is **GRANTED**. Within seven (7) days of the entry of this order, the Trust may file the intervening complaint attached to its motion as an exhibit.[2]

**SO ORDERED**, this 17th day of April, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court acknowledges the pending motion for approval of third party settlement. Since that motion indicates it is joined by the Trust, it is prudent to first address the intervention issue.