**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CAROLYN WARREN**                                                                                            **PLAINTIFF**

**V.**                                                                                            **NO. 4:19-CV-94-DMB-JMV**

**L & S SALES, INC. and
MARTIN NANNEY**                                                                                       **DEFENDANTS**

**MISSISSIPPI STATE AGENCIES
W.C. TRUST**                                                                                                **INTERVENOR**

## ORDER APPROVING SETTLEMENT

Before the Court is Carolyn Warren's "Unopposed Motion for Approval of Third Party Settlement." Doc. #32.

**I
Relevant Procedural History**

On May 23, 2019, Carolyn Warren filed a complaint in the Circuit Court of Washington County, Mississippi, against L & S Sales, Inc., and Martin Nanney. Doc. #2. Warren alleges that on or about September 20, 2018, she was injured when the vehicle she was driving was struck by a vehicle owned or leased by L & S Sales and operated by Nanney, while Nanney "was acting in the furtherance of the business of L & S Sales and within the scope of his employment or agency [with L & S Sales]." *Id.* at 2–3. The defendants, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on June 19, 2019. Doc. #1.

On February 5, 2020, Mississippi State Agencies W.C. Trust ("Trust"), the worker's compensation carrier for Mississippi Department of Human Services ("MDHS"), moved for leave to intervene as a plaintiff. Doc. #31. The Trust asserted that Warren was an employee of MDHS;

that her injuries arose out of and in the course of her employment with MDHS; and that it paid both compensation and medical benefits to Warren, pursuant to the Mississippi Workers' Compensation Act. *Id.* at 1. The Court granted the motion to intervene, Doc. #33, and the Trust filed an intervenor complaint, Doc. #34.

On April 9, 2020, Warren, joined by the Trust, MDHS, L & S Sales, and Nanney, filed an "Unopposed Motion for Approval of Third Party Settlement." Doc. #32.

## II
## Analysis

The motion for approval represents:

> 3. … The sum of the benefits paid by The Mississippi Department of Human Services and the Mississippi State Agencies Workers' Compensation Trust totals $50,431.92, including $36,478.66 in medical benefits and $13,953.26 in temporary total disability benefits.
> ….
> 6. The [defendants] and their insurer have agreed to pay to Carolyn Warren and Mississippi State Agencies Workers' Compensation Trust the sum of $225,000.00 in settlement of all claims of Warren and Mississippi State Agencies Workers' Compensation Trust for injuries and damages arising from the incident made the basis of this action. Warren and Mississippi State Agencies Workers' Compensation Trust have agreed that out of the referenced settlement proceeds the sum of $50,431.92 will be paid to Mississippi State Agencies Workers' Compensation Trust in full satisfaction of its statutory lien and the balance of the settlement proceeds will be paid to Warren and her counsel.
>
> 7. After payment of the sum of $50,431.92 to the Mississippi State Agencies Workers' Compensation Trust, the balance of the settlement proceeds will be distributed as follows:
>
>> a. $84,568.08 in attorneys' fees and expense for Tatum & Wade, PLLC; and
>>
>> b. The balance of $90,000.00 payable to Carolyn Warren.

*Id.* at 2–3.

Mississippi Code § 71-3-71 provides that "[a]n employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of the employee

shall have the right to maintain an action at law against any other party responsible for such injury or death." If a settlement is reached before trial, the "settlement shall be subject to the approval of the court wherein such action is pending." *Id.* Because Warren's action is pending before this Court, the settlement is appropriately reviewed by this Court under § 71-3-71. Having examined the motion and considered the representations of the parties and their counsel, the Court finds the proposed settlement is just, fair, equitable, and should be approved. Accordingly, the "Unopposed Motion for Approval of Third Party Settlement" [32] is **GRANTED**. Having approved the settlement, this case is **CLOSED**.

**SO ORDERED**, this 4th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**